# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-1792
LT Case No. 16-2025-DR-2386

_____

TAHESHANOEL KNIGHT,

    Appellant,

    v.

MATTHEW GLEN KEPP,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Eric C. Roberson, Judge.

TaheshaNoel Knight, Jacksonville, pro se.

No Appearance for Appellee.


August 7, 2026

ON MOTION FOR REHEARING AND WRITTEN OPINION

PER CURIAM.

Appellant TaheshaNoel Knight has timely filed her motion for rehearing and for written opinion after this Court affirmed without opinion the trial court's denial of her petition for injunction for protection against stalking. We deny the motion for rehearing but grant the motion for written opinion.

Knight filed her petition for injunction against her former employer, Appellee Matthew Glen Kepp.[1] Following a hearing, the trial court denied the petition. The evidence in the record before us is itself sufficient to sustain the trial court's decision.

Six days after her petition was denied, on June 9, 2025, Knight filed a verified motion to disqualify the presiding judge based upon comments he made during the hearing. Then, on June 12, 2025, Knight filed her notice of appeal—before the trial judge denied her motion to disqualify on June 18, 2025.

Because Knight filed her notice of appeal *prior to* the trial judge's order denying her motion to disqualify,[2] we are without jurisdiction to review that order.[3] *See Davis v. State*, 174 So. 3d 646, 647 (Fla. 1st DCA 2015) ("We do not have jurisdiction to consider [the trial court's denial of appellant's motion to disqualify] because the order denying the motion to disqualify was rendered *after* the notice of appeal was filed and Appellant did not file an amended notice of appeal or otherwise properly invoke our jurisdiction to review the order." (citing *Forney v. Crews,* 112 So. 3d 741, 743–44 (Fla. 1st DCA 2013))). Thus, we affirm.

AFFIRMED.

JAY, C.J., and WALLIS and SOUD, JJ., concur.

---

[1] Kepp has not made an appearance or filed an answer brief in this appeal.

[2] Knight was required by this Court to file an amended notice of appeal to include the rule-required certificate of service. She did so "solely to include a signed certificate of service pursuant to this Court's order." The matter she appeals remained unchanged—the trial court's order denying her petition for an injunction for protection against stalking.

[3] As we are without jurisdiction to consider this issue, we express no opinion regarding the grounds raised in Knight's motion to disqualify or the trial court's denial of the motion.